IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAROLE L. TAYLOR,

    Appellant,

v.

RHONDA WINNECOUR,

    Appellee.

12cv1846
**ELECTRONICALLY FILED**

### MEMORANDUM ORDER RE: MOTION TO DISMISS (DOC. NO. 2), MOTION FOR RECUSAL (DOC. NO. 6), AND MOTION FOR STAY (DOC. NO. 7)

**I. Introduction and Factual Background**

Currently pending before the Court are Appellee Rhonda Winnecour's ("Trustee's") Motion to Dismiss (Doc. No. 2), Appellant Carole Taylor's ("Appellant's") Motion for Recusal (Doc. No. 6), and Appellant's Motion for Stay (Doc. No. 7)[1]. On January 25, 2011, Trustee filed an adversarial proceeding against Appellant, her two daughters, TOLATR Highland Park Preparatory Academy, and PNC Bank for injunctive relief because of alleged fraudulent transfers. *Winnnecour v. Taylor* ("*Adversarial Proceeding*"), 11-2056, Doc. No. 1 (Bankr. W.D. Pa. Jan. 27, 2011).[2] Trustee filed an Amended Complaint on January 27, 2011, asserting the same claims. *Adversarial Proceeding*, Doc. No. 6.

---

[1] Trustee had until January 9, 2013, to file a Response. See Fed.R.Bankr.P. 8011. However, no Response was filed.

[2] This Court has previously summarized the relevant facts of the underlying bankruptcy proceeding. *Taylor v. Winnecour*, 460 B.R. 673, 674 (W.D. Pa. 2011) (Schwab, J.).

On February 13, 2012, the Bankruptcy Court approved a settlement between the parties. *Adversarial Proceeding*, Doc. No. 221.[3] On October 24, 2012, the Bankruptcy Court dismissed the case. *Adversarial Proceeding*, Doc. No. 297. Appellant filed her first Notice of Appeal on November 21, 2012. Doc. No. 300. She filed an Revised Notice of Appeal on November 28, 2012. *Adversarial Proceeding*, Doc. No. 311.

The case was docketed in this Court on December 18, 2012. Doc. No. 1. Trustee moved to Dismiss the appeal. Doc. No. 2. The Court stayed briefing pending resolution of the Motion to Dismiss. Doc. No. 4. However, Appellant filed her Brief on January 2, 2013. Doc. No. 5. That same day, Appellant filed a Motion for Recusal (Doc. No. 6) and a Motion for Stay (Doc. No. 7). Trustee filed her response to the Motion for Recusal on January 4, 2012, and Appellant filed a Reply thereto on January 8, 2013. Doc. Nos. 9 and 10. On January 4, 2013, Appellant filed her Response to the Motion to Dismiss. Doc. No. 8. After careful consideration, and for the reasons set forth herein, Appellant's Motion for Recusal (Doc. No. 6) and Motion for Stay (Doc. No.7) will be DENIED. Trustee's Motion to Dismiss, will be **GRANTED.**

**II. Standard of Review**

    **A. Motion to Recuse**

Title 28 United States Code Section 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003). Section 455(b)(1), in relevant part, requires recusal when the Judge has "personal knowledge of

---

[3] Appellant was represented by Counsel when the Adversarial Proceeding began, but he withdrew his appearance prior to the settlement agreement being reached.

2

disputed evidentiary facts concerning the proceeding." *U.S. v. Wecht*, 484 F.3d 194 (3d Cir. 2007).

The United States Supreme Court stated in *Liteky v. United States*, 510 U.S. 540 (1994), "[i]t is wrong in theory, though it may not be too far off the mark as a practical matter, to suggest, as many opinions have, that 'extrajudicial source' is the only basis for establishing disqualifying bias or prejudice." *Id*. at 551. When a litigant does not cite to extrajudicial sources, the Judge's opinions and remarks must reveal a "deep-seated" or "high degree" of "favoritism or antagonism that would make fair judgment impossible." *Id*. at 555-56. The United States Court of Appeals for the Third Circuit has defined extrajudicial sources as "source[s] outside of the official proceedings." *United States v. Bertoli*, 40 F.3d 1384, 1412 (3d Cir. 1994). A Judge has just as much of an obligation not to recuse when it is unwarranted as to recuse when it is warranted. *Apollo v. Pa. Convention Ctr. Auth.*, 2012 WL 1034319, *1 (E.D. Pa. Mar 27, 2012) (citing *Smith v. Danyo*, 441 F.Supp. 171, 175 (M.D. Pa. 1977)).

**B. Motion for Stay**

The Court possesses the inherent discretionary authority to grant a motion to stay. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). Courts within this Circuit have considered three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues; (2) the status of the litigation; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *Ever Win Intern. Corp. v. Radioshack Corp.*, --- F.Supp.2d ----, 2012 WL 4801890, *2 (D. Del. Oct. 8, 2012).

**C. Motion to Dismiss**

A Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) challenges this Court's "very power to hear the case." *See Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (Lancaster, J.) (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). As the party asserting jurisdiction, Appellant "bears the burden of showing that its claims are properly before the district court." *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995). In reviewing a Motion to Dismiss pursuant to Rule 12(b)(1), this Court must distinguish between facial attacks and factual attacks. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

"In reviewing a facial challenge, which contests the sufficiency of the pleadings, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to [the Appellant].'" *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (quoting *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

**III. Discussion**

**A. Motion for Recusal**

Appellant seeks this Court's recusal based upon the Court's prior Opinion in the underlying bankruptcy proceeding. She argues that this Court denied her of a right to a jury trial and acted in bad faith. As Appellant presents no extra judicial reason for recusal, she must show that the Court possesses a high degree of favoritism for Trustee. This Court was sitting as an appellate court and not a trial court. There is no right to a jury trial at the appellate level. Furthermore, this Court did not act in bad faith in issuing its prior Opinion and Appellant presents no facts that tend to show such bad faith. Appellant also argues that this Court's

4

consideration of "false" statements by Trustee during the first appeal warrants recusal. However, the Court did not knowingly consider any false statements (and does not believe any were made). Accordingly, Appellant's Motion for Recusal (Doc. No. 6) will be denied.

**B. Motion for Stay**

Turning to the Motion to Stay, all three factors considered by Courts within this Circuit weigh against granting a stay. First, staying this case would not simplify the issues on appeal. The issues raised in Trustee's Motion to Dismiss are not so complicated that they cannot be resolved without a stay. Second, this case (including the underlying bankruptcy proceeding) is already protracted. At this stage in the litigation, the parties deserve prompt final resolution. Finally, the granting of a stay would unduly prejudice Trustee because those individuals who worked on the consent decree may become unavailable at a future date. Accordingly, the Court declines to exercise its inherent power to stay the case, and Appellant's Motion to Stay (Doc. No. 7) will be denied.

**C. Motion to Dismiss**

Ordinarily, the Court has jurisdiction to hear bankruptcy appeals pursuant to 28 U.S.C. § 158(a), which provides that "district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees . . . of bankruptcy judges under section 157 of this title." Appeals to the district court "shall be taken in the same manner as appeals in civil proceedings . . . and in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2).

The Federal Rules of Bankruptcy Procedure provide that a party may "appeal from a final judgment, order, or decree of a bankruptcy judge to a district court" as of right "by filing a notice of appeal with the [bankruptcy court] clerk within the time allowed by Rule 8002."

Fed.R.Bankr.P. 8001. Rule 8002 provides that "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed.R.Bankr.P. 8002(a). Beyond that 14-day period, the rules provide a narrow window in which late appeals may be accepted at the discretion of the Bankruptcy Court:

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. Fed.R.Bankr.P. 8002(c)(2).

A party's failure to file a notice of appeal within the 14-day period set forth in Rule 8002(a) and (c)(2) "deprives the Court of jurisdiction to review the Bankruptcy Court's order or judgment." *In re Catebone*, 640 F.3d 108, 113 (3d Cir. 2011). Thus, excusable neglect such as would warrant granting an extension of time to file an appeal within the 14- to 35-day window cannot be found where the issue was raised for the first time after Rule 8002's time limit has expired. *Id*. at 113-14 (citing *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997)).

The Bankruptcy Court dismissed the adversarial proceeding on October 24, 2012. *Adversarial Proceeding*, Doc. No. 297. Appellant filed her first Notice of Appeal on November 21, 2012. *Adversarial Proceeding*, Doc. No. 300. This was 28 days after the Order of the Bankruptcy Court. During that time, Appellant filed no Motion under Fed.R.Bankr.P. 8002(b). Furthermore, Appellant did not seek an extension of time to file an appeal pursuant to Fed.R.Bankr.P. 8002(c). Thus, the Notice of Appeal was filed 18 days late and this Court does

6

not have jurisdiction to hear the case.[4] Accordingly, the appeal will be dismissed for lack of jurisdiction.

## IV. Order

AND NOW, this 10th day of January, 2013, **IT IS HEREBY ORDERED** that:

(1) Appellant's Motion for Recusal (Doc. No. 6) is **DENIED**;

(2) Appellant's Motion for Stay (Doc. No. 7) is **DENIED**; and

(3) Trustee's Motion to Dismiss (Doc. No. 2) is **GRANTED** and the appeal is **DISMISSED**. The Clerk of Court shall mark this **CASE CLOSED**.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc: All ECF Counsel

Carole L. Taylor
1112 N. Negley Avenue
Pittsburgh, PA 15206

---

[4] Furthermore, this Court lacks jurisdiction because of the settlement agreement between the parties.